# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

TAMERA LAUREEN BERRY,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.

_____/

Case No. 1:24-cv-01038-KES-SKO

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY BE REVERSED, AND THE ACTION BE REMANDED TO THE COMMISSIONER FOR FURTHER PROCEEDINGS

(Doc. 13)

14-DAY DEADLINE

## I.      INTRODUCTION

On August 30, 2024, Plaintiff Tamera Laureen Berry ("Plaintiff") filed a complaint seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits (DIB) under the Social Security Act (the "Act"). (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration.  *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07.  He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

Magistrate Judge.[2]

For the reasons set forth below, the undersigned recommends that Plaintiff's motion for summary judgment be granted, that the final judgment of the Commissioner be reversed, and that the action be remanded to the Commissioner for further proceedings.

## II.    BACKGROUND

Plaintiff protectively filed a claim for DIB payments on November 8, 2021, alleging she became disabled on October 30, 2014, due to PTSD, depression, headaches, anxiety, panic attacks, sleeping problems, and fatigue.  (Administrative Record ("AR") 44, 57, 70.)  She thereafter amended her alleged onset date to May 1, 2017.  (AR 70, 343.)

Plaintiff was born in 1964 and was 55 years old on the date last insured.  (AR 43, 56, 77.) She has at least a high school education and previously worked as an optometry assistant.  (AR 40, 77, 261, 355.)

**A.    Relevant Evidence of Record[3]**

In January 2023, Plaintiff's treating therapist Sandra Holland completed a "Medical Source Statement — Mental Health."  (AR 485–86.)  She indicated that Plaintiff's medications did not cause the side effects of diminished concentration/slowed thought, somnolence, or lethargy.  (AR 485.)  Ms. Holland opined that Plaintiff's symptoms and/or the side effects of medication "significantly interfere with the ability to do sustained tasks" and require hourly breaks of 15 minutes or more per hour.  (AR 485.)  She further opined that Plaintiff had a "marked" impairment, *i.e.*, "[g]reatly decreased ability; able to do this function less than 1/3 of the time," in the following abilities: (1) to remember locations and to follow work rules and procedures; (2) to understand and complete simple (1-2 step) instructions and tasks; (3) to understand and complete detailed (more than 1-2 step) instructions and tasks; (4) to accept instruction from and respond appropriately to criticism from supervisors; (5) to work in coordination with and respond appropriately to co-workers or peers; (6) to relate to the public and to maintain appropriate interaction with them; (7) to perform and complete work tasks in a normal

---

[2] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 13, 2026, this case was reassigned to the undersigned.  (*See* Doc. 18.)

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

workday at a consistent pace; (8) to process subjective information accurately and to use appropriate judgment; (9) to complete instructions and tasks independently; (10) to maintain attention/concentration for more than brief periods of time; (11) to perform at production levels expected by most employers; (12) to behave predictably, reliably, and in an emotionally stable manner through the workday; and (13) to tolerate customary work pressures and to respond appropriately to changes in work setting.  (AR 486.)

**B.      Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on May 6, 2022, and again upon reconsideration on July 14, 2022.  (AR 70, 90–95, 97–102.)  Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 103–34.)  The ALJ conducted a hearing on June 1, 2023.  (AR 24–42.)  Plaintiff appeared by telephone at the hearing with her attorney and testified as to her work history and alleged disabling conditions.  (AR 28–39.)  A vocational expert also testified at the hearing.  (AR 40–42.)

**C.      The ALJ's Decision**

In a decision dated July 5, 2023, the ALJ found that Plaintiff was not disabled, as defined by the Act.  (AR 70–79.)  The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520.  (AR 72–79.)  The ALJ decided that Plaintiff met the insured status requirements of the Act through December 31, 2019, and she had not engaged in substantial gainful activity from May 1, 2017, the alleged onset date, through December 31, 2019 (step one).  (AR 72.)  At step two, the ALJ found Plaintiff's anxiety, depression, and panic disorder to be severe.  (AR 73.)  Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three).  (AR 73–74.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule.  TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996).  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id*.  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'"  *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

assessment at steps four and five.  *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . .  We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: She could understand, remember, and carry out simple, routine, and repetitive tasks.  She could deal with occasional changes in a routine work setting and engage in no more than simple, work-related decision-making.  She could not perform work requiring a high production rate, such as assembly line work, or work that required high hourly quotas.  She could have occasional contacts with co-workers and supervisors, but could not have contact with the public.

(AR 74–77.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (AR 75.)

The ALJ determined that Plaintiff could not perform her past relevant work (step four) but that, given her RFC, she could perform a significant number of jobs in the national economy, specifically laundry laborer, hand packager, and kitchen helper (step five).  (AR 77–78.)  The ALJ concluded Plaintiff was not disabled from May 1, 2017, through December 31, 2019.  (AR 79.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on January 30, 2024.  (AR 7–12.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 404.981.

### III.     LEGAL STANDARD

#### A.     Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous

4

work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520).  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).  "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted).  "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.      DISCUSSION

Plaintiff contends that her RFC is not supported by substantial evidence because the ALJ did not evaluate adequately the persuasiveness of treating therapist Ms. Holland's opinion. (Doc. 12.) The undersigned agrees with Plaintiff that the ALJ erred when they failed to address adequately the persuasiveness of Ms. Holland's opinion, resulting in an unsupported RFC, and on that basis will recommend that the decision be reversed and the action be remanded for further proceedings.

**A.      Legal Standard**

"When determining whether a claimant is eligible for benefits, an ALJ need not take every medical opinion at face value." *Cross v. O'Malley*, 89 F.4th 1211, 1213 (9th Cir. 2024) (internal quotation marks omitted).  Instead, "the ALJ must scrutinize the various—often conflicting—medical opinions to determine how much weight to afford each opinion." *Id*.  For applications filed on or after March 27, 2017, as applicable here, the ALJ will not "defer or give any specific evidentiary weight to any medical opinions," but instead "must explain how persuasive they find the medical opinion by expressly considering the two most important factors for evaluating such opinions: supportability and consistency." *Id*. (internal quotation marks omitted, emphasis added).

An ALJ cannot reject a medical source's opinion without providing an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Id*. at 791–92 (citing 20 C.F.R. § 404.1520c(c)(1)).  Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id*. at 792 (citing 20 C.F.R. § 404.1520c(c)(2)).  The ALJ's articulation of persuasiveness must show the grounds actually relied upon for the final decision. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

**B.      Analysis**

The ALJ deemed Ms. Holland's opinion "no more than partially persuasive" because it weas "not consistent with the medical evidence for the period at issue" and lacked support in Ms. Holland's treatment records. (AR 76–77.)  The ALJ noted that Ms. Holland found Plaintiff "did not suffer from side effects of diminished concentration or somnolence/lethargy" and that she "was likely to be off-task approximately 15 minutes per hour." (AR 76.)  This is only a portion of Ms. Holland's findings; she also opined that Plaintiff would be markedly impaired in thirteen different functional areas. (*See* AR 486.)  Absent from the ALJ's discussion of Ms. Holland's opinion, or anywhere else in the decision, is any mention of these findings.

Although, as the Commissioner points out, a decision written "with less than ideal clarity" must be upheld "if the agency's path may reasonably be discerned," *Molina*, 674 F.3d at 1121, here

the ALJ makes no mention of any marked limitations. In the absence of any explanation, the undersigned cannot reasonably discern that the ALJ considered the persuasiveness of Ms. Holland's opined marked limitations. The ALJ's failure to address the marked limitations without comment is therefore erroneous. *See Woods*, 32 F.4th at 792; *see also Kayla G. v. Bisignano*, No. 1:24-CV-03078-JAG, 2025 WL 2755866, at *4 (E.D. Wash. Sept. 29, 2025) (finding error where the ALJ found an opinion "partially persuasive" yet "failed to explain what portions of the opinion were persuasive (or not) or to include a potentially disabling limitation in the RFC or to provide rationale for formulating Plaintiff's RFC without the higher level of restriction.").

Because error in the treatment of a medical opinion impacts the RFC determination, the undersigned declines to find substantial evidence supports the RFC. *See Garmany v. O'Malley*, No. 1:23-CV-00607-HBK, 2024 WL 3105824, at *6 (E.D. Cal. June 24, 2024) (errors in addressing medical opinion evidence "calls into question whether the assessed RFC . . . [is] supported by substantial evidence"). Moreover, the ALJ's rejection without comment of Ms. Holland's assessed limitations is not harmless. *See Jennifer J. v. Comm'r of Soc. Sec.,* No. C22-5356-MAT, 2022 WL 16758475, at *5 (W.D. Wash. Nov. 8, 2022) ("Where the ALJ fails to even mention a physician's opinion that a claimant's impairment causes functional limitations, the Court 'cannot confidently conclude that the error was harmless.'") (quoting *Marsh v. Colvin*, 729 F.3d 1170, 1173 (9th Cir. 2015)). *See also Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (Errors are harmless when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Here, the undersigned finds that remand for further proceedings is warranted. *See Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1099 (9th Cir. 2014) (except in "rare circumstances," the proper remedy upon a finding of harmful error is to remand for further administrative proceedings); *see also Kayla G.*, 2025 WL 2755866, at *4 (remanding for

further proceedings).  Upon remand, the ALJ shall reconsider Ms. Holland's opinion and either incorporate the limitations in the opinion into the RFC or give reasons supported by substantial evidence to reject them.

## V.    FINDINGS AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's motion for summary judgment (Doc. 13) be GRANTED;

2.    The final decision of the Commissioner of Social Security be REVERSED;

3.    This matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

4.    The Clerk of Court be DIRECTED to enter judgment in favor of Plaintiff Tamera Laureen Berry, and against Defendant Commissioner of Social Security, and to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 28, 2026**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE